# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINICK WILLIAMS HAYNES, | ) Civil Action No. 2: 13-cv-1131 |
| Petitioner, | ) |
| | ) Chief United States Judge |
| v. | ) Joy Flowers Conti |
| | ) |
| COMMONWEALTH OF PA., et al | ) United States Magistrate Judge |
| Respondents. | ) Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.  Recommendation**

It is respectfully recommended that the Motion to Dismiss the Petition of Dominick Williams Haynes (ECF No. 7-2) be granted and, because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

**II.  Report**

Presently before the Court is the Respondents' motion to dismiss in which it is alleged that the Petition for Writ of Habeas Corpus is premature and should be dismissed. Petitioner has responded (ECF No. 8) and the matter is ripe for disposition.

Petitioner, Dominick Williams Haynes, an inmate currently confined at the State Correctional Institution at Pittsburgh,[1] has presented a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking his June 24, 2013 conviction in the Court of Common Pleas of Westmoreland County, Pennsylvania, of Corrupt Organizations, Criminal Conspiracy to commit violations of the Controlled Substance, Drug Device and Cosmetic Act, Delivery of

---

[1] At the time Petitioner filed his Petition, he was incarcerated in the Westmoreland County Prison. *See* Petition at 1. However, it appears that Plaintiff has since been transferred to SCI-Pittsburgh. *See* Exh. 1 to Pet.'s Resp. to Motion to Dismiss (ECF No. 8-1, envelope). The DOC inmate locater also reflects that Petitioner is currently incarcerated at SCI-Pittsburgh.

Heroin, Possession With Intent to Distribute Heroin, and Hindering Apprehension or Prosecution. On August 5, 2013, prior to sentencing, Petitioner filed the instant Petition.

On October 4, 2013, Petitioner was sentenced by the Honorable Senior Judge Paul H. Mullin to an aggregate term of imprisonment of 12 - 30 years.

To date, Petitioner has not had the opportunity for appellate review of his conviction in the Superior Court of Pennsylvania as his judgment is not final as post-sentence motions are pending nor has he sought relief under the Post-Conviction Relief Act in Pennsylvania.[2]

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), *cert. denied*, 532 U.S. 919 (2001); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999); *see Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001), *cert. denied,* 535 U.S. 957 (2002).

In the event that a federal court determines that there exists a possibility of state court review, the petition should be dismissed without prejudice. *See Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997); *Toulson,* 987 F.2d at 987. "Thus, in cases where there is any doubt about the availability of a state remedy, the claim must be dismissed." *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) (citing *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir. 2000), *cert. denied,* 531

---

[2] *See* 42 Pa.C.S.A. § 9544(b)(1) (any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final. . . ).

U.S. 1082 (2001)); see *Lines*, 208 F.3d as 163 (exhaustion may not be excused "unless state law clearly forecloses state court review").

Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.' " *Lambert,* 134 F.3d. at 513 n. 18 (quoting *Toulson*, 987 F.2d at 986). Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (quoting *Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir.1990)), *cert. denied,* 504 U.S. 944 (1992); *see also Burkett v. Love*, 89 F.3d 135, 137 (3d Cir.1996) ("Pursuing state remedies is not a mere formality.").

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005); *see Toulson*, 987 F.2d at 987 ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies.").

Here, Respondents have attached to their Motion to Dismiss the Washington County docket No. CP-65-CR-0001600-2012, of which the Court takes judicial notice, which confirms that Petitioner has pending post-sentence motions, and that he has not had the opportunity for appellate review nor has he sought relief under the Post-Conviction Relief Act.. *See* Mot. at Exh. 1 (reflecting active status of petitioner's underlying criminal case).

**III.    Conclusion**

Accordingly, it is recommended that the motion to dismiss the Petition of Dominick Williams Haynes for a writ of habeas corpus be granted, that the habeas petition be dismissed, without prejudice, for failure to exhaust state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **November 29, 2013**, to file objections.  Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge


Dated:  November 12, 2013

cc:    DOMINICK WILLIAMS HAYNES
       1148-2012
       3000 South Grande Blvd.
       Greensburg, PA 15601

       DOMINICK WILLIAMS HAYNES
       LF8910
       SCI-Pittsburgh
       P. O. Box 99991
       Pittsburgh, PA 15233

       James T. Lazar
       Westmoreland County District Attorney's Office
       Email: jlazar@co.westmoreland.pa.us